UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| PRO-PAC, INC, <br> Plaintiff, <br> v. <br> WOW LOGISTICS COMPANY, <br> Defendant. | Case No. 13-CV-902-JPS <br><br> ORDER |

Plaintiff Pro-Pac, Inc. ("Pro-Pac") filed for Chapter 11 bankruptcy in 2006.[1] In that connection, Pro-Pac filed (and now maintains) an adversary proceeding against defendant WOW Logistics Company ("WOW") claiming that WOW aided and abetted a Pro-Pac employee's breach of fiduciary duty.[2]

After trial, the bankruptcy court entered judgment against WOW and in favor of Pro-Pac. That judgment was appealed to this Court[3] and, in turn, this Court's decision was appealed to the Seventh Circuit.[4]

On July 18, 2013, the Seventh Circuit's mandate issued, remanding the adversary proceeding "to the district court and to the bankruptcy court to reformulate the award of damages based on WOW's aiding and abetting of [a Pro-Pac employee's] breach of fiduciary duty." (11-CV-1075-JPS, Docket #21, p. 21). In accordance with that mandate, this Court remanded the cause "to the bankruptcy court for further proceedings consistent with the Seventh Circuit's opinion." (11-CV-1075-JPS, Docket #22).

---

[1] Case No. 06-06608-SVK-11.

[2] Adversary Case No. 07-02110-SVK.

[3] Case No. 11-CV-1075-JPS

[4] 7th Cir. Case No. 12-2976

Now, WOW has filed a motion under 28 U.S.C. § 157(d) seeking withdrawal of this Court's reference. (Docket #1).[5] Section 157(d) provides, in relevant part, that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Alas, the statute does not define what constitutes sufficient cause, "but various factors have been considered by courts, including whether the proceeding is core or non-core, considerations of judicial economy and convenience, promoting the uniformity and efficiency of bankruptcy administration, forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial." *In re Beale*, 410 B.R. 613, 616 (N.D. Ill. 2009).

As the moving party, WOW bears the burden of persuasion. To that end, WOW argues primarily that this Court should withdraw the reference (and thereby assert original jurisdiction over the residual merits to be decided in this matter) because an appeal of the bankruptcy court's judgment is "likely" (in WOW's view) and so withdrawal promotes judicial economy and efficiency and conserves party resources. (Docket #1-1, 37-38). Nestled in these arguments rests WOW's concession that it "consented to the bankruptcy court's jurisdiction to enter a final order in this matter." (*Id.*).

In addition, WOW attempts to portray this Court as better-situated to hear the residual merits at issue, notwithstanding the fact that the bankruptcy court tried this adversary proceeding in the first instance. (*Id.*).

---

[5]"[A] motion to withdraw the reference invokes the district judge's original rather than appellate jurisdiction in bankruptcy[.]" *Caldwell-Baker Co. v. Parsons*, 392 F.3d 886, 888 (7th Cir. 2004).

Page 2 of 3
Case 2:13-cv-00902-JPS   Filed 09/13/13   Page 2 of 3   Document 5

Having considered the arguments set forth in WOW's briefing against the balance of the record in this case, the Court is not convinced that cause exists for withdrawing the reference in this matter.[6]

Having found no cause for withdrawing the reference in this matter, the Court is obliged to deny WOW's motion.

Accordingly,

IT IS ORDERED that WOW's motion to withdraw the reference (Docket #1) of the parties' adversary proceeding – U.S. Bankruptcy Court Adversary Case No. 07-02110-SVK – be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that WOW's motion to stay the parties' adversary proceeding pending a decision on the aforementioned motion (Docket #3) be and the same is hereby DENIED as moot.

Dated at Milwaukee, Wisconsin, this __ day of

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[6] Moreover, the pallor of WOW's arguments suggests its motion may be motivated by forum-shopping – a consideration which militates strongly against withdrawal of the reference.